THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MICHAEL DESHAWN JOHNSON, | : | |
| | : | |
| Movant, | : | |
| | : | Criminal No. 3:16-cr-41-CAR-CHW |
| v. | : | |
| | : | Proceeding Under 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |
| | : | |

ORDER ON RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation to grant Respondent's Motion to dismiss and dismiss Movant's Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 as untimely. Movant has filed an Objection to the Recommendation wherein he argues the Magistrate Judge erred because his petition is timely pursuant to 28 U.S.C. § 2255(f)(4). Movant also restates arguments and other contentions that have been thoroughly and completely addressed in the Recommendation. Movant's objections are without merit.

As set forth in the Recommendation, Movant filed his § 2255 petition contending he was sentenced with a career offender enhancement that no longer applies to his

1

conspiracy conviction after *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (*en banc*), and thus, he should be resentenced without the enhancement. In *Dupree*, the Eleventh Circuit overturned prior precedent regarding the definition of a "controlled substance offense" in § 4B1.2(b) of the United States Sentencing Guidelines that is applied to determine whether a defendant is eligible for a career offender enhancement.[1] In particular, *Dupree* held that "[t]he definition of 'controlled substance offense' in § 4B1.2(b) of the Sentencing Guidelines does not include choate offenses like conspiracy and attempt. . . . [A] conviction for conspiracy to possess with intent to distribute . . . 21 U.S.C. § 846 [is] not a controlled substance offense."[2]

The Magistrate Judge recommends dismissing Movant's petition because it is untimely under 28 U.S.C. § 2255(f)(1) and 28 U.S.C. § 2255(f)(3), the two subsections applicable in this case. Movant objects and argues that his petition is timely under 28 U.S.C. § 2255(f)(4).

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. The date on which the judgment of conviction becomes final;

---

[1] *See Dupree*, 57 F.4th at 1280.
[2] *Id.*

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant argues his petition is timely under § 2255(f)(4) because "the facts that conspiracy to possess with intent does not qualify as a predicate offense for an enhanced [career offender] sentence could not [have] been discovered prior to the Eleventh Circuit's [2023] ruling in *Dupree*."[3] Movant's argument is unavailing. "[T]he discovery of a new legal theory does not constitute a discoverable 'fact'" for purposes of § 2255(f)(4).[4]

This Court has fully considered the record in this case and made a *de novo* determination of the portions of the Recommendation to which Petitioner objects. Having done so, the Court finds Petitioner's Objection unpersuasive and agrees with the Recommendation to dismiss the petition. Accordingly, the Magistrate Judge's Order and

---

[3] Objection p. 2 [Doc. 286].
[4] *Young v. United States*, 2020 WL 4334037 at *1 (11th Cir. April 29, 2020) (citing *Barreto-Barreto v. United States*, 551 F.3d 95 (1st Cir. 2008)).

Recommendation [Doc. 285] is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**. The Government's Motion to Dismiss [Doc. 281] is **GRANTED**, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docs. 278, 280] is **DISMISSED as untimely**.   Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

It is **SO ORDERED** this 3rd day of January, 2024.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT